IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA N. OLLE <br> PETER J. OLLE, <br><br> Plaintiffs, <br><br> v. <br><br> 5401 WESTERN AVENUE <br> RESIDENTIAL, LLC, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> *   Case No.: 1:07-CV-02056 <br> * <br> * <br> * <br> * <br> * |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO STAY LITIGATION PENDING ARBITRATION**

Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman ("Defendants"), by and through their undersigned counsel, Paul Sweeney and Linowes and Blocher LLP, and pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure and Rule 7 of the Local Civil Rules of Procedure, file this Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration ("Motion to Dismiss"). In support of their Motion, Defendants also file and adopt and incorporate by reference their accompanying Memorandum of Points and Authorities.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration.

        Respectfully submitted,

        **LINOWES AND BLOCHER LLP**

        By: /s/ Paul Sweeney
            Paul Sweeney
        7200 Wisconsin Avenue, Suite 800
        Bethesda, Maryland 20814
        (301) 654-0504 (telephone)
        (301) 654-2801 (facsimile)

        Attorneys for Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December, 2007, a copy of the foregoing Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration, Memorandum of Points and Authorities in support thereof and accompanying proposed Orders, was sent by electronic mail via the electronic filing services to Robert E. Greenberg, Esquire and Thomas F. Murphy, Esquire, Friedlander, Misler, Sloan, Kletzkin & Ochsman, PLLC, 1101 17th Street, NW, Suite 700, Washington, DC 20036-4704.

        By: /s/ Paul Sweeney
            Paul Sweeney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA N. OLLE <br> PETER J. OLLE, <br><br> Plaintiffs, <br><br> v. <br><br> 5401 WESTERN AVENUE <br> RESIDENTIAL, LLC, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> *   Case No.: 1:07-CV-02056 <br> * <br> * <br> * <br> * <br> * |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY LITIGATION PENDING ARBITRATION**

Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman ("Defendants"), by and through their undersigned counsel, Paul Sweeney and Linowes and Blocher LLP, and pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure and Rule 7 of the Local Civil Rules of Procedure, hereby file this Memorandum of Points and Authorities in Support of their Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration, and state as follows:

**I.      INTRODUCTION**

On or about December 24, 2004, Plaintiffs entered into a contract with Defendant, 5401 Western Avenue Residential, LLC, for the purchase of a condominium in Chase Point Condominium, located at 4301 Military Road, NW, Washington, DC 20016 (hereinafter referred to as "Contract"). A copy of the Contract is attached to Plaintiffs' Complaint as Exhibit 2. Pursuant to the Contract, any dispute between the parties is required to be resolved by binding arbitration. *See* ¶ 29 of the Contract.

In their Complaint, Plaintiffs assert five causes of action, all of which are plainly within the purview of the mandatory arbitration provision in the Contract. Despite the requirement of binding arbitration in the Contract, Plaintiffs have filed the instant litigation to resolve their dispute. Pursuant to LCvRP 6 and the Duty to Confer, undersigned counsel's associate spoke by telephone with Plaintiffs' counsel, Robert Greenberg, Esquire on December 12, 2007, who advised that he opposes the instant motion.

Accordingly, for the reasons set forth herein and enumerated more fully below, this action should be dismissed and Plaintiffs should be compelled to submit their claims to binding arbitration. Alternatively, this litigation should be stayed pending arbitration.

## II.  FACTUAL BACKGROUND

On or about December 24, 2004, Plaintiffs entered into a contract with Defendant, 5401 Western Avenue Residential, LLC, for the purchase of a condominium in Chase Point Condominium, located at 4301 Military Road, NW, Washington, DC 20016. *See* Exhibit 2 to Plaintiffs' Complaint. As part of the Contract, the parties agreed to binding arbitration in the event of any dispute, controversy, or claim concerning the rights or obligations of the parties. *See* ¶ 29 of the Contract. On or about January 14, 2005, 5401 Western Avenue Residential, LLC ratified the Contract. *See* Exhibit 2 to Plaintiff's Complaint.

On January 29, 2007, 5401 Western Avenue Residential, LLC provided Plaintiffs with a written notice of a closing date on their condominium unit. *See* Exhibit 5 to Plaintiffs' Complaint. The closing date was scheduled for May 17, 2007. Exhibit 5. The correspondence also provided a pre-settlement walk-through date of May 11, 2007. Exhibit 5. On March 30, 2007, Plaintiffs sent a letter to 5401 Western Avenue Residential, LLC purporting to terminate the Contract and requesting return of their Deposit. *See* Exhibit 6 to Plaintiff's Complaint. On

April 2, 2007, 5401 Western Avenue Residential, LLC advised Plaintiffs, among other things, that their failure to proceed with settlement would result in a forfeiture of their Deposit. *See* Exhibit 7 to Plaintiffs' Complaint. On April 3, 2007, Plaintiffs reiterated their purported termination and requested a refund of their Deposit. *See* Exhibit 8 to Plaintiffs' Complaint. The Olles did not proceed with the closing of the condominium unit, thereby forfeiting their rights under Paragraph 12.1 of the Contract and allowing 5401 Western Avenue Residential, LLC to retain Plaintiffs' Deposit.

### III.  ARGUMENT

Plaintiffs' claims are governed by the Contract and the Federal Arbitration Act and, therefore, the Complaint should be dismissed and Plaintiffs should be compelled to submit their claims to binding arbitration. Alternatively, the Complaint should be stayed pending arbitration.

**A.  Arbitration of Plaintiffs' Claims is Governed by the Contract and the Federal Arbitration Act.**

Plaintiffs agreed to arbitrate any and all claims arising under the Contract pursuant to ¶29 of the Contract. Paragraph 29 of the Contract provides:

> 29. ARBITRATION.
>
> ANY DISPUTE, CONTROVERSY, OR CLAIM CONCERNING THE RIGHTS OR OBLIGATIONS OF THE PARTIES, INCLUDING, WITHOUT LIMITATION, ANY CONDITION OR ELEMENT OF THE UNIT, NEIGHBORHOOD OR NEARBY PROPERTY; THE NEED OR EFFECTIVENESS OF ANY REPAIR OR REPLACEMENT UNDER THE LIMITED WARRANTY; OR ANY CLAIM FOR MISREPRESENTATION, FRAUD, OR BREACH OF THIS AGREEMENT, SHALL BE SUBMITTED TO AND SETTLED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT, TITLE 9 U.S.C. SELLER AND PURCHASER AGREE THAT SUCH ARBITRATION SHALL BE MANDATORY AND BINDING AND SHALL BE IN LIEU OF ANY OTHER LEGAL PROCESS OR REMEDY. ARBITRATION MAY BE REQUESTED BY EITHER PARTY AND SHALL BE CONDUCTED BY THE AMERICAN ARBITRATION ASSOCIATION ACCORDING TO ITS COMMERCIAL

3

RULES.  THE ARBITRATION SHALL AWARD ATTORNEY'S FEES, EXPERT WITNESS FEES, AND REASONABLE COSTS TO THE PARTY WHOSE POSITION IS UPHELD BY THE ARBITRATOR.  <u>SHOULD PURCHASER, IN VIOLATION OF THIS SECTION 29, COMMENCE LEGAL ACTION IN A COURT, SELLER SHALL HAVE THE RIGHT TO HAVE SUCH LEGAL ACTION DISMISSED AND TO RECOVER THE COST OF OBTAINING THE DISMISSAL</u>.  FURTHER THE FILING OF ANY LEGAL ACTION IN VIOLATION OF THIS SECTION 29 SHALL NOT SERVE TO TOLL ANY STATUTE OF LIMITATIONS OR TIME PROVISION SET FORTH IN THIS AGREEMENT, THE LIMITED WARANTY [sic] OR APPLICABLE LAW.  (Underlining added.)

Moreover, the Federal Arbitration Act ("FAA") provides in part that

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.  The FAA creates a strong presumption in favor of arbitration.  *See Moses H. Cone Mem'l Hosp. v. Mercury Coast Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  Thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Id.*, *see also Invista North Am. S.A.R.L. v. Rhodia Polyamide Intermediates S.A.S.*, 503 F.Supp.2d 195, 200 (D.D.C. 2007).

Accordingly, Plaintiffs' Complaint and the claims therein are subject to the arbitration clause in Paragraph 29 of the Contract and arbitration is mandated.

    **B.**    **Plaintiffs Should be Compelled to Submit to Binding Arbitration.**

Section 4 of the FAA provides in pertinent part that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . ."  9 U.S.C. §4.  When a party files a motion to

4

compel arbitration, the court must make a two-part inquiry. *Invista,* 503 F.Supp.2d 195, 200; *see also, Lok Tio v. Washington Hosp. Ctr.,* 2004 WL 2663149, *2 (D.D.C. 2004). First, the court must determine whether the parties entered into a valid and enforceable arbitration agreement. *Invista* at 200. If the court finds that the parties executed a valid and enforceable arbitration agreement, the court must then determine whether the arbitration clause encompasses the claims raised in the complaint. *Id; Lok Tio at *2.*

　　　　*1.   Plaintiffs and Defendants have entered into a valid and enforceable arbitration agreement.* If the Plaintiffs contend that no agreement to arbitrate exists, the standards for resolving a summary judgment motion should be applied. *Invista at 200, citing Booker v. Robert Half Int'l, Inc.,* 315 F.Supp.2d 94, 99 (D.D.C. 2004). However, in this case, there can be no dispute that the parties entered into a valid and enforceable arbitration agreement. Plaintiffs have admitted entering and executing the Contract and they have attached the Contract as an exhibit to their Complaint. There is no dispute that the Contract contains an arbitration clause and the arbitration clause is set forth in all capital letters so as to be prominent, conspicuous and visible. There was a clear meeting of the minds between the parties regarding the Contract and the arbitration clause contained therein. As a result, the Plaintiffs and Defendants entered into a valid and enforceable arbitration agreement.

　　　　*2.   The arbitration clause encompasses the claims raised in the Complaint.* A court should order the parties to settle the dispute in arbitration, unless the party opposing the motion demonstrates that the arbitration clause cannot be interpreted to cover the dispute. *Invista* at 200, *citing AT & T Techs, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)(stating that a motion to compel arbitration should not be

5

denied absent a showing that the arbitration agreement "'is not susceptible of an interpretation that covers the asserted dispute.'").

The introductory language set forth in the subject arbitration clause, "any dispute, controversy, or claim, concerning the rights or obligations of the parties," is all-encompassing and broad. Where an arbitration clause in a contract is broad, arbitration is appropriate "'whenever a party has asserted a claim, no matter how frivolous, that on its face is governed by the contract.'" *Wolff v. Westwood Mgnt LLC*, 503 F.Supp.2d 274, 281-82 (D.D.C. 2007), *citing Peerless Importers, Inc. v. Wine, Liquor & Distillery Workers Union, Local One,* 903 F.2d 924, 927 (2d Cir. 1990). Moreover, "the Supreme Court has indicated that broad arbitration clauses encompass all matters that 'touch' upon the contract." *Wolff* at 275, *citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624, n. 13, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

In *Wolff*, an owner of a share in a real estate partnership venture brought suit against the partnership venture's manager and other associated entities for breach of fiduciary duty and derivative claims arising from the management and sale of the property. The arbitration clause set forth in the joint venture agreement provided that the parties "agree not to enter into any court action in any dispute which may arise during construction and management of the office building complex and agree that any dispute or controversy that cannot be amicably settled will be submitted to arbitration." *Wolff* at 276. The Wolff court found that the allegations of breach of fiduciary duty and derivative claims touched upon the contract. Moreover, "the contract was the basis of Wolff's relationship with the defendants and this dispute arose directly from the defendants' alleged breach of fiduciary duties owed pursuant to the contract." *Id.* at 282.

Similarly, the parties in the instant case agreed to broad arbitration language in the Contract. The allegations contained in Plaintiffs' Complaint all arise from the Contract, and the dispute set forth by the Complaint arose directly as a result of the Contract. Finally, the sole basis for the relationship between the Plaintiffs and the Defendants is the Contract. Accordingly, the arbitration clause clearly encompasses the claims raised in Plaintiffs' Complaint and the second prong of the two-part inquiry is met.

### C.    The Complaint Should Be Dismissed or, Alternatively, Stayed Pending Arbitration.

Section 3 of the FAA provides that

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. §3. However, a court is not precluded from dismissing a claim after compelling arbitration when all issues raised in the complaint must be submitted to arbitration. *Emeronye v. CACI Int'l, Inc.*, 141 F.Supp.2d 82, 88 (D.D.C. 2001).

In the instant litigation, all claims raised in the Complaint should be submitted to arbitration. Therefore, Defendants request that Plaintiffs' Complaint be dismissed and Plaintiffs be compelled to proceed with arbitration.

Alternatively, as set forth above, if the Court does not dismiss the Complaint, this proceeding should be stayed pending conclusion of arbitration. 9 U.S.C. §3.

WHEREFORE, for the foregoing reasons, Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman,

respectfully request that this Court enter an order (1) dismissing the Complaint or, alternatively, staying this litigation pending arbitration in accordance with the terms of the Contract and the Federal Arbitration Act; (2) compelling Plaintiffs to submit their claims to binding arbitration; (3) awarding to Defendants their costs, including attorneys' fees, to obtain the dismissal of Plaintiffs' Complaint pursuant to ¶29 of the Contract, and (4) granting such other and further relief as this Court deems just and proper.

## POINTS AND AUTHORITIES

Fed. R. Civ. P. 7, 12

LCvRP 7

*Moses H. Cone Mem'l Hosp. v. Mercury Coast Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)

*Invista North Amer. S.A.R.L. v. Rhodia Polyamide Intermediates S.A.S.*, 503 F.Supp.2d 195, 200 (D.D.C. 2007)

9 U.S.C. §§ 2, 3, 4

*Lok Tio v. Washington Hosp. Ctr.*, 2004 WL 2663149, *2 (D.D.C. 2004)

*Booker v. Robert Half Int'l, Inc.*, 315 F.Supp.2d 94, 99 (D.D.C. 2004)

*AT & T Techs, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)

*Wolff v. Westwood Mgmt LLC*, 503 F.Supp.2d 274, 276, 281-82 (D.D.C. 2007)

*Peerless Importers, Inc. v. Wine, Liquor & Distillery Workers Union, Local One*, 903 F.2d 924, 927 (2d Cir. 1990)

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624, n. 13, 105 S.Ct. 346, 87 L.Ed.2d 444 (1985)

*Emeronye v. CACI Int'l, Inc.*, 141 F.Supp.2d 82, 88 (D.D.C. 2001)

8

## REQUEST FOR HEARING

Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman, request an oral hearing on their Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: /s/ Paul Sweeney
     Paul Sweeney

7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 654-0504 (telephone)
(301) 654-2801 (facsimile)

Attorneys for Defendants, 5401 Western Avenue Residential, LLC, 5401 Western PNH, LLC, PN Hoffman Realty, LLC and Lamont Hoffman

L&B 911724v1/05817.0016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA N. OLLE <br> PETER J. OLLE, <br><br> Plaintiffs, <br><br> v. <br><br> 5401 WESTERN AVENUE <br> RESIDENTIAL, LLC, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Case No.: 1:07-CV-02056 <br> * <br> * <br> * <br> * <br> * |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

UPON CONSIDERATION of Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay Litigation Pending Arbitration, any response thereto, and for good cause having been shown, it is this _____ day of _____, 200___, hereby

ORDERED, that Defendants' Motion to Dismiss be, and the same is, hereby GRANTED; and it is further

ORDERED, that this case is hereby DISMISSED; and it is further

ORDERED, that Plaintiffs are compelled to submit their claims to binding arbitration; and it is further

ORDERED, that Defendants are awarded their costs and attorneys' fees in the amount of _____, pursuant to §29 of the parties' Contract.

_____
Ricardo Urbina, Judge, United States
District Court for the District of Columbia

L&B 911726v1/05817.0016

Copies to:

Paul Sweeney, Esquire
Linowes and Blocher LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
psweeney@linowes-law.com

Robert Greenberg, Esquire
Thomas F. Murphy, Esquire
Friedlander, Misler, Sloan, Kletzkin & Ochsman, PLLC
1101 17th Street, NW, Suite 700
Washington, DC 20036-4704
pgreenberg@dclawfirm.com
tmurphy@dclawfirm.com