IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAURA N. OLLE**<br>**PETER J. OLLE,**<br><br>                              Plaintiffs,<br><br>**v.**<br><br>**5401 WESTERN AVENUE**<br>**RESIDENTIAL, LLC,** *et al.***,**<br><br>                              Defendants. | Civil No. 1:07-cv-02056 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO STAY LITIGATION PENDING ARBITRATION**

**INTRODUCTION**

Plaintiffs, Laura and Peter Olle (the "Olles"), oppose Defendants' (collectively, "5401 LLC") Motion to Dismiss or, in the Alternative, to Stay Litigation Pending Arbitration (the "Motion") for two reasons: First, the arbitration clause is contained within an oppressive adhesion contract in violation of the Interstate Land Sales Full Disclosure Act ("ILSFDA"),[1] the DC Condominium Act,[2] and the DC Consumer Protection Act,[3] and under *Williams v. Walker-Thomas Furniture Co.,* 121 U.S. App. DC 315,

---

[1]  15 U.S.C. § 1701 *et seq.*

[2]  DC Code § 42-1901 *et seq.*

[3]  DC Code § 28-3901 *et seq.*

350 F.2d 445 (1965), it is unconscionable under and should be revoked and deemed unenforceable.  Second, the arbitration clause here violates public policy, *see, M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 6 (1972), *citing Carbon Black Export, Inc. v. The Monrosa*, 254 F.2d 297, 300-301 (5th Cir. 1958), and likewise is enforceable.

## LEGAL STANDARD

It is up to the Court, not an arbitrator, to determine whether a valid agreement to arbitrate exists.[4]  Under the Federal Arbitration Act, an arbitration clause is not enforceable if "grounds exist at law or in equity for revocation of the contract."[5]  Unconscionability and violations of public policy are equitable grounds which support revocation of a contract.[6]  Because the arbitration clause in the Olle contract is both unconscionable under *Williams*, and violates public policy, the Court should refuse to enforce it.

---

[4] *International Union of Operating Engineers, Local 150, AFL-CIO v. Flair Builders*, 406 U.S. 487, 92 S. Ct. 1710, 32 L. Ed. 2d 248 (1972).

[5] *See,* 9 U.S.C. § 2; *See also, Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 116 S. Ct.1652, 134 L. Ed. 2d 902 (1996).

[6] D.C. Code § 28:2-302; *see also, Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16 (D.D.C 2006); *Wingard v. Exxon Co., U.S.A.*, 819 F. Supp. 497 (D.S.C. 1992).

This Circuit relies on a two-prong test for unconscionability: (1) "an absence of meaningful choice on the part of one of the parties together with" (2) "contract terms which are unreasonably favorable to the other party." *Williams v. Walker-Thomas Furniture Co., supra,* 350 F.2d at 449. "Whether a meaningful choice is present in a particular case can only be determined by consideration of all circumstances surrounding the transaction, '. . . according to the mores and business practices of the time and place.'" [internal cite omitted].[7/] *Id.*, at 350 F.2d at 450. Parties who claim a contract is unconscionable shall be given a "reasonable opportunity to present evidence as to its commercial setting, purpose and effect."[8/] Finally, the Court should view the evidence in the light most favorable to the party opposing the contract.[9/]

---

[7/] *See also, Carlson v. General Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989); *Moss v. Rent-A-Center, Inc.*, 2007 U.S. Dist. LEXIS 60011 (D.N.Y. 2007).

[8/] DC Code § 28:2-302(2); Uniform Commercial Code §2-302(2); *see also, Luick v. Graybar Electric Co.*, 473 F.2d 1360 (8th Cir. 1973); *Kaplan v. RCA Corp.*, 783 F.2d 463 (4th Cir. 1986).

[9/] *See, Dorocon, Inc. v. Burke*, 2004 U.S. Dist., LEXIS 29052 (D.D.C. 2004); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 35-36 (D.D.C. 2006).

While not expressly stated in *Williams*, the Court balanced the two prongs ("meaningful choice" and "unfairness") on a "sliding scale."[10] Thus, when there is substantial evidence of a lack of meaningful choice, less evidence of unfairness needs to be presented in order to deem an arbitration agreement unconscionable.

Both the 9th Circuit and the Washington Supreme Court not only have adopted the *Williams* test, they have articulated the application of the sliding scale.[11] These decisions and *Williams* are instructive, persuasive, and should be applied to the unconscionability analysis in this case.

In determining whether an agreement to arbitrate is unconscionable as against public policy, the Court should look at and "rely" on "the congressional intent[ . . . ] expressed in some other statute . . . to identify any category of claims as to which agreements to arbitrate will be held unenforceable."[12] Here, the Court should "rely" on the

---

[10] *See, Williams v. Walker-Thomas Furniture Co.*, 121 U.S. App. DC 315, 350 F.2d 445 (1965); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16 (D.D.C. 2006).

[11] *See, Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003); *Adler v. Fred Lind Manor*, 153 WA 2d 331, 103 P.3d 773 (2004).

[12] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 627, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

legislative intent expressed in the ILSFDA and the DC Consumer Protection Act and hold the arbitration agreement unenforceable. We now turn to address these two bases for refusing to compel arbitration in the Olles' case.

## ARGUMENT

**I.    THE ARBITRATION CLAUSE IS UNCONSCIONABLE UNDER THE WILLIAMS TEST.**

**A.    *The Purchase Agreement Is an Illegal Adhesion Contract; The Olles Had No Bargaining Power, Were Misled and Did Not Have a Meaningful Choice When Entering Into the Arbitration Agreement.***

The illegality and oppression of the overall contract encompasses the arbitration clause such that it was impossible for the Olles to have a meaningful choice when they agreed to arbitration.

The Purchase Agreement clearly violates, the ILSFDA, [13]/ the DC Condominium Act[14]/, and the DC Consumer Protection Act.[15]/ For example:

- 5401 LLC violated the most fundamental ILSFDA provision — they failed to register

---

[13]/ 15 U.S.C. §§ 1701 *et seq.*

[14]/ DC Code § 42-1901 *et seq.*

[15]/ DC Code §28-3901 *et seq.*

> with the Secretary of the Department of Housing and Urban Development.[16]

- 5401 LLC violated the ILSFDA by failing to deliver the Interstate Land Sale Property Report to the Olles.[17]

- 5401 LLC violated the ILSFDA by using false and misleading statements, advertising and promotional materials to induce the Olles to execute the Purchase Agreement.[18]

- 5401 LLC violated the DC Condominium Act by failing to file with the Mayor a statement of material change in the information.

- 5401 LLC violated the DC Condominium Act by selling the Unit and forfeiting the Olles deposit without giving them a current Public Offering Statement.[19]

- 5401 LLC violated the DC Consumer Protection Act by misleading the Olles, by failing to provide information that would have protected the Olles deposit, and by making and enforcing unconscionable terms and provisions.[20]

---

[16] *See,* 15 U.S.C. §§ 1703(a)(1)(A), 1704, 1706; Complaint ¶ 30.

[17] *See,* 15 U.S.C. § 1703(a); Complaint ¶ 38.

[18] *See,* 15 U.S.C. § 1703(a); Complaint ¶ 42.

[19] *See,* DC Code § 42-1901 *et seq*; Complaint ¶ 46-48.

[20] *See,* DC Code § 28-3901 *et seq*; Complaint ¶ 55.

In addition to the gross illegality of the contract, the Purchase Agreement is an oppressive adhesion contract, offered to the Olles as a standard contract form on a take it or leave it basis without realistic opportunity to bargain.[21/] This inequality of bargaining power negates the meaningfulness of the choice.[22/]

In *Ingle v. Circuit City Stores Inc.*, 328 F.3d 1165, 1173 (9th Cir. 2003), the court held that "when a party, who enjoys greater bargaining power than another party, presents the weaker party with a contract without meaningful opportunity to negotiate, oppression and, therefore, procedural unconscionability are present." 5401 LLC did exactly that.

The terms of the Olle contract were offered on a "take it or leave it basis." The Olles had no meaningful opportunity to negotiate the arbitration clause, or indeed, any other provision of the contract. There are no interlineations, or marginal changes to any of the material terms of the Purchase Agreement. The Purchase Agreement is a "standardized contract form," albeit haphazardly thrown together and filled with misspellings.

---

[21/]  *Dorocon, Inc. v. Burke*, 2004 U.S. Dist. LEXIS 29052* 67 (D.D.C. 2004).

[22/]  *Id.,* at 61.

That exact same Purchase Agreement, including misspellings, is at issue in *Miller v. 5401 LLC,* filed in this Court on December 21, 2007.[23/] The Court can judicially notice the pleadings in the *Miller* case and, even with only a cursory review of the two contracts, see that the very same standardized and oppressive language was used. We believe even limited discovery will show the same for every one of the contracts offered for units at the project. 5401 LLC no doubt will argue that "mere" illegality and "mere" adhesion does not invalidate the arbitration agreement. But, those facts, indeed, are relevant to "whether a meaningful choice is present in a particular case" after "consideration of all circumstances surrounding the transaction."[24/] *Williams v. Walker-Thomas Furniture Co., supra,* 350 F.2d at 449.

Additionally, 5401 LLC used deceptive sales practices to induce the Olles to sign the Purchase Agreement containing the arbitration clause. *See, e.g., Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 383 (S.D.N.Y. 2002) (employee pressured into employment agreement, court

---

[23/] Case No. 1:07-cv-02312 (Judge Paul L. Friedman).

[24/] Thus, at a minimum, an evidentiary hearing is required to enable the Olles to have a "reasonable opportunity to present evidence as to the Purchase Agreement's commercial setting, purpose and effect." Uniform Commercial Code §2-302(2). *See also*; *Luick v. Graybar Electric Co.,* 473 F.2d 1360 (8th Cir. 1973); *Kaplan v. RCA Corp.*, 783 F2d 463 (4th Cir. 1986).

focused on evidence of "high pressure and deceptive tactics" to determine the employee lacked meaningful choice). Here, 5401 LLC used deceptive tactics to induce the Olles to sign the Purchase Agreement; they mislead the Olles as to the specifications of the Unit.[25/] The Olles specifically asked 5401 LLC about dimensions of the Unit, whether a bathroom could be put in the loft, and whether a grill could be installed. 5401 LLC reassured the Olles that their Unit would be built in accordance with their wishes; thus, inducing the Olles to sign the Purchase Agreement. In reality, the Olles' input was completely ignored.

    The Olle's decision to enter into an arbitration agreement, contained within an illegal, oppressive, and misrepresented Purchase Agreement was far from a *meaningful choice.*

    **B.   *The Terms of the Arbitration Clause Are Unreasonably Favorable to the Defendants Because the Arbitration Clause Unilaterally Denies the Olles' Remedies.***

    This arbitration clause which limits the Olles' remedies, but permits 5401 LLC to have access to those very remedies, is unconscionable.[26/] As relevant, the arbitration clause states:

---

[25/]  Complaint ¶ 42.

[26/]  *See, Riensche v. Cingular Wireless LLC,* 2006 U.S. Dist. LEXIS 93747 (D. Wash. 2006).

> Should purchaser . . . commence legal action in a court seller shall have the right to have such legal action dismissed and to recover the cost of obtaining the dismissal. Further, the filing of any legal action . . . shall not serve to toll any statute of limitations or time provision set forth in this agreement, the limited waranty (sic) or applicable law."[27]

This language is unfairly favorable to 5401 LLC. The provision affords 5401 LLC the right to recover costs if a suit is filed, but deprives the Olles of this same right. Thus, the "unfairness" prong of the *Williams* test is fulfilled.

Applying the sliding scale approach, the substantial evidence of the Olle's lack of "meaningful choice" weighed together with the evidence of "unfairness," satisfies the *Williams* test for unconscionability and the arbitration agreement should be revoked.

## II. THE ARBITRATION CLAUSE IS UNCONSCIONABLE AS IT IS AGAINST PUBLIC POLICY UNDER THE INTERSTATE LAND SALES FULL DISCLOSURE ACT AND THE DC CONSUMER PROTECTION ACT.

As a separate and independent basis for denying the Motion, the Court should hold that it is against public policy under the applicable statutes, and therefore, unconscionable. The purpose of the ILSFDA is to protect purchasers from abuse by real estate developers and prevent

---

[27] *See* ¶29 of Purchase Agreement. Errors and misspellings in original.

fraud in land transfers.[28] Terms of the ILSFDA should not be "construed technically and restrictively, but flexibly to effectuate its remedial purposes."[29] The ILSFDA states: "the district courts of the United States . . . and the United States District Court for the District of Columbia *shall* have jurisdiction of offenses and violations under this title [15 USCS §§ 1701 *et seq.*]."[30] Similarly, the purpose of the DC Consumer Protection Act is to prevent and remedy unfair trade practices[31] and specifically allows for access to the courts.[32]

In *Carnival Cruise Lines v. Shute*,[33] the Supreme Court held that a forum selection clause which only limited passengers' access to the

---

[28] *See, McCown v. Heidler* 527 F.2d 204, (10th Cir. 1975); *Nargiz v. Henlopen Developers* 380 A.2d 1361, (Del. 1977).

[29] *McCown v. Heidler, supra,* 527 F.2d at 208.

[30] 15 U.S.C. § 1719.

[31] D.C. Code § 28-3901.

[32] "A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia." D.C. Code § 28-3905 k(1).

[33] *Carnival Cruise Lines,* 499 U.S. 585, 597, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), *overruled by* Congress in the context of passenger tickets only; *see, Yang v. M/V Minas Leo,* 1996 U.S. App. LEXIS 2235 (9th Cir. 1996).

courts was enforceable.[34/]  But, when a contract clause completely ousts the jurisdiction of the court, against the express terms of a statute, such clause is not enforceable.[35/]  Because the Olle arbitration clause completely ousts them from the courts despite the clear legislative intent of and explicit protections of the ILSFDA, it is unenforceable.

Similarly, in *Gray v. American Express Company*,[36/] where a standard form waiver in a contract contravened the legislative intent of a consumer-protection statute, the court held that such clause was unenforceable.  The *American Express* court specifically opined that "the consumer oriented statutes that Congress has enacted belie the unrestrained reading American Express gives to the Act [Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j] in light of its contract."[37/]

The Olle contract is similar to the contract in *Gary*.  The very nature of the arbitration clause does not give the Olles the protection granted to them under the ILSFDA and the DC Consumer Protection Act.  As stated

---

[34/]  46 U.S.C. App. § 183c. States that "it shall be unlawful for the owner of a vessel transporting passengers to insert in any contract a provision that lessens, weakens, or avoids the right of any claimant to trial by court."

[35/]  *Carnival Cruise Lines, Supra,* at 597.

[36/]  *Gray v. American Express Company*, 240 U.S. App. DC 10, 743 F.2d 10 (1984).

[37/]  *Id.,* at 17.

above, the Purchase Agreement is an adhesion contract containing a "boiler plate" arbitration clause. "To allow such protection to be waived by boiler plate language of [an adhesion] contract puts the legislative process to a foolish and unproductive task."[38]

Each and together the ILSFDA and the DC Consumer Protection Act provide, indeed, seem to mandate access to the court system. The ILSFDA commands that the Olles "shall" be given the right to have the merits of this case heard by this Court.[39] By denying the Olles access to this Court, the arbitration clause in the Purchase Agreement violates public policy and goes against the "remedial purposes" of the ILSFDA and DC consumer Protection Act. The Court should not permit that.

## CONCLUSION

The arbitration agreement is unconscionable under the *Williams* test and it violates public policy. Plaintiffs did not have a meaningful choice when entering into the arbitration clause, the terms of the arbitration clause are unreasonably favorable to 5401 LLC, and the arbitration clause violates the IILSFDA and the DC Consumer Protection

---

[38] *Id.,* at 17.

[39] 15 U.S.C.S. § 1719.

Act by denying the Olles the forum the two legislative bodies selected to hear such disputes.  The Motion should be denied.

>Respectfully submitted,
>
>**FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN, PLLC**
>
>By: */s/Robert E. Greenberg*
>Robert E. Greenberg, Esq. #173708
>Thomas F. Murphy, Esq. #464475
>Frances Wilburn, Esq.
>1101 17th Street, NW
>Suite 700
>Washington, DC  20036-4704
>(202) 872-0800
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2008, I caused a copy of the foregoing Opposition to be served by ECF filing and by first class mail, postage prepaid upon:

>Paul Sweeney, Esq.
>Linowes and Blocher LLP
>7200 Wisconsin Avenue
>Suite 800
>Bethesda, MD 20814
>
>*Attorneys for Defendants*

>>/s/ Robert E. Greenberg
>>Robert E. Greenberg

U:\greenberg\CLIENT\Olle\Litigation\opposition to motion to dismiss V4 1-17-08.wpd